**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| LARRY L. THOMAS, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CASE NO.: 7:25-CV-130 (WLS) |
| Judge JAMES L. PRINE, *et al.*, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Before the Court is Plaintiff Larry Thomas, Jr.'s ("Plaintiff") second Application to Proceed In Forma Pauperis (Doc. 10) ("IFP Motion"), filed on June 8, 2026. For the reasons discussed below, the IFP Motion is **GRANTED**. However, upon further review, Plaintiff's claims are frivolous. Accordingly, Plaintiff's Complaint (Doc. 1) is **DISMISSED**, without prejudice.

### I.   STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the costs and fees associated with filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the validity of the complaint, as required by 28 U.S.C. § 1915(e). *Id.*

---

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

## II.   LAW AND ANALYSIS

### A. Poverty Determination

At the first step, the Court finds that Plaintiff meets the poverty requirements of 28 U.S.C. § 1915. According to Plaintiff's affidavit, he has a monthly income of $1,920, and his average monthly income over the past twelve months was $1,668. (Doc. 10 at 1–2). Plaintiff's monthly expenses total $1,540, (*id.* at 5–6), he has no assets or funds in any bank accounts or other financial institutions, and only $100 in cash. (*Id.* at 2). This leaves only $380 per month in expendable income. As such, considering the totality of the amounts averred in the IFP Motion, the Court finds that Plaintiff meets the poverty requirements of § 1915 and is unable to pay the entire filing fee. Therefore, Plaintiff's Motion (Doc. 10) is **GRANTED**.

### B. Sufficiency of the Complaint

At the second step, the Court reviews the validity of Plaintiff's Complaint (Doc. 1). Generally, the Court must dismiss complaints under 28 U.S.C. § 1915(e) that (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Watkins v. Joy*, 782 F. App'x 892, 893 (11th Cir. 2019) ("A district court is obligated to dismiss an *in forma pauperis* complaint if it determines that the action fails to state a claim on which relief may be granted." (internal quotation marks omitted)).

#### 1.  Standard of Review

The Court proceeds to the merits of Plaintiff's Complaint (Doc. 1). In so doing, the Court accepts all factual allegations in the Complaint as true. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003); *Watkins*, 782 F. App'x at 895 (citing *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008)). The Court construes the Complaint liberally because it is brought pro se. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). This leniency, however, does not afford Plaintiff "special advantages not bestowed on other litigants," nor does it excuse him from obeying all local and procedural rules, including those governing pleadings. *Procup*, 760 F.2d at 1115. The Court will neither be a pro se litigant's lawyer, *see Jarzynka v. St. Thomas Univ. of L.*, 310 F.

2

Supp. 2d 1256, 1264 (S.D. Fla. 2004), nor will it rewrite or "fill in the blanks" of a defective pleading. *See Brinson v. Colon*, No. CV411-254, 2012 WL 1028878, at \*1 (S.D. Ga. Mar. 26, 2012), *report and recommendation adopted*, No. CV-411-254, 2012 WL 1255255 (S.D. Ga. Apr. 13, 2012).

Accordingly, Plaintiff must still comply with Federal Rule of Civil Procedure 8, which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although a complaint need not contain "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Similarly, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alterations in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see generally McDowell v. Gonzalez*, 424 F. Supp. 3d 1214, 1220 (S.D. Fla. 2019) (so stating).

### 2. Plaintiff's Allegations

With these rules in mind, the Court addresses the allegations in Plaintiff's Complaint, which is ninety pages long. As alleged, on or about April 15, 2023, Plaintiff went to the United States District Courthouse located at 401 North Patterson Street in Valdosta, Georgia, to file paperwork with the Clerk of Court. (Doc. 1 at 24). While there conducting his business, sixty Defendants, including state court judges, attorneys, court staff, and others conspired to discriminate against Plaintiff. (*Id.* ¶ 21). The Defendants hurled "obscene racial insults" at Plaintiff before proceeding to violently attack Plaintiff at gunpoint by "punching and kicking" him, "pistol whipp[ing]" him, beating him with a baton, tying a noose around his neck, and sexually assaulting and sodomizing him. (*Id.* ¶¶ 21–22). According to Plaintiff, the assault lasted several hours and culminated in the Defendants "put[ting] fentanyl in [his] mouth, tighten[ing] the noose around [his] neck, and h[anging] [him] for a total of 15 minutes." (*Id.* ¶¶ 22–23). Defendants then kidnapped and held Plaintiff inside the

3

Courthouse from April 17 to April 22, 2023, where they tortured, starved, and brutally beat him. (*Id.* ¶¶ 24–25) Defendants also "drugged [P]laintiff daily with powdered fentanyl[,]" sexually assaulted and sodomized him at gunpoint, and "used nooses to hang [him] for at least 15 minutes daily[.]" (*Id.* ¶¶ 27–28). After the alleged assault, Plaintiff was in the intensive care unit at Archbold Memorial Hospital for ten weeks. (*Id.* ¶ 29).

On or about October 13, 2023, Plaintiff again went to the federal Courthouse in Valdosta to file paperwork in an unrelated case. (Doc. 1 ¶ 30). The same Defendants attacked Plaintiff in a manner similar to the April 2023 attack. (*Id.* ¶¶ 31–34). During this attack, Defendants also "partially hung [P]laintiff's body over the balcony while brutally beating him" with various objects. (*Id.* ¶ 35). Defendants then "threw [P]laintiff over the flight of stairs" causing him to "freefall" from a height of approximately two stories high. (*Id.* ¶ 36). From October 13 to October 20, 2023, Defendants again held Plaintiff in the Courthouse against his will at gunpoint and, over the course of this seven-day period, beat, drugged, starved, tortured, hung from a noose, and sexually assaulted and sodomized Plaintiff. (*Id.* ¶¶ 38–41). Once Plaintiff was finally released, he spent eight weeks in the hospital. (*Id.* ¶ 42).

### 3. *Plaintiff's Claims*

Plaintiff brings federal claims against the sixty named Defendants for violation of his rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution. (Doc. 1 ¶ 11). He also asserts state law claims for (1) bribery, (2) concealment of a crime, (3) assault, (4) aggravated assault, (5) attempted murder, (6) aggravated sexual battery, (7) aggravated sodomy, (8) kidnapping, (9) false imprisonment, (10) hate crimes, (11) influencing witnesses, (12) conspiracy, (13) obstruction of justice, (14) reckless endangerment, (15) political and public corruption, (16) treason, (17) insurrection, (18) inciting to insurrection, (19) advocating overthrow of government, (20) violation of oath of office, (21) domestic terrorism, (22) terroristic threats and acts, (23) use of a communication facility during commission of a felony, (24) violation of Georgia's RICO act, (25) criminal gang participation, and (26) discrimination and retaliation. (*Id.* at 53–74). Plaintiff seeks monetary damages in amounts ranging from $1 million to $10 million from each Defendant. (*Id.* at 75–88).

4

Upon review, the Court finds that Plaintiff's Complaint is subject to dismissal under § 1915(e) as frivolous. A claim is frivolous under § 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* Additionally, § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). A lawsuit is also "frivolous if its claims involve factual contentions that are fanciful, fantastic, irrational, and/or delusional." *Porter v. Governor*, 667 F. App'x 766, 767 (11th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)); *see also Miller*, 541 F.3d at 1100 (observing that "wildly implausible allegations in the complaint should not be taken as true").

Here, Plaintiff's factually unsupported allegations are clearly baseless.[2] The allegation that sixty defendants, including eleven state court judges and twenty-four attorneys, imprisoned Plaintiff in a federal courthouse on two separate occasions for a week-long period to perpetrate such horrific violence is wholly incredible, irrational, and bordering on delusional. As such, the Court dismisses Plaintiff's Complaint, in its entirety, as frivolous.[3]

---

[2] The Court notes that this is not the first case Plaintiff has filed in this Court involving such outlandish allegations and claims. The Court recently dismissed Plaintiff's lawsuit naming over forty defendants, including Governor Brian Kemp, his wife Marty Kemp, and Judge James Prine where Plaintiff alleged the Governor and others beat and sexually assaulted Plaintiff in the Thomas County Jail. *See Thomas v. Prine, et al.*, Case No. 7:25-CV-13 (WLS), Dkt. No. 37 (M.D. Ga. May 22, 2026). Another prior case also featured a vast conspiracy involving sixty-six Defendants that Plaintiff alleged was orchestrated in part by then-governor, Sonny Perdue. *See Thomas v. Governor's Off. for the State of Ga.*, Case No. 7:22-CV-112 (WLS), Dkt. No. 20 (M.D. Ga. Oct. 18, 2022).

[3] The Court also notes that many of Plaintiff's claims under § 1983 are time-barred. Plaintiff's § 1983 claims are subject to the two-year statute of limitation set forth in Georgia's personal injury statute, O.C.G.A. § 9-3-33. *See Reynolds v. Murray*, 170 F. App'x 49, 50 (11th Cir. 2006) ("Section 1983 has no statute of limitations of its own, and instead is governed in each case by the forum state's general personal injury statute of limitations." (citing *Owens v. Okure*, 488 U.S. 235, 236 (1989))). "The statute of limitations on a [§] 1983 claim begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011) (per curiam) (quoting *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)). Plaintiff's claims related to the alleged April 2023 attack accrued when the attack ended on April 22, 2023. Thus, Plaintiff had until April 23, 2025, to

## CONCLUSION

In sum, Plaintiff's IFP Motion (Doc. 10) is **GRANTED**. Even so, Plaintiff's original Complaint (Doc. 1) is frivolous. Plaintiff's claims against all Defendants are therefore **DISMISSED**, without prejudice.

Further, because the Court dismisses Plaintiff's Complaint in its entirety, his Motion for Writ of Mandamus (Doc. 4), Motion for Financial Assistance (Doc. 5), Motion to Expedite Answer to Writ of Mandamus (Doc. 7), and Motion to Disqualify Judge and Transfer Case to Another Circuit (Doc. 9) are **DENIED**, as moot.

**SO ORDERED**, this 11th day of June 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

bring any § 1983 claims related to the attack. Plaintiff's complaint was not filed until October 16, 2025, (Doc. 1), and therefore, the claims related to the April attack are time-barred by the statute of limitations.

6